DAVID M. HESS, PLAINTIFF, v. TUBE ZONE REALTY
COMPANY, DEFENDANT.

Argued November 6, 1919—Decided April 9, 1920.

1. The lessee of certain premises, agreed in writing that it would make certain changes in the building upon the premises, such construction to meet the requirements of municipal laws or regulations. Lessee submitted plans and specifications for the proposed change to the municipal authorities, and they were disapproved. *Held,* that the fact that the plans and specifications failed to meet the approval of the municipal authorities does not justify the conclusion that it was impossible to make the contemplated alterations in such a way as to comply with those requirements.

2. A person who contracts expressly to do a thing not unlawful in itself, is under an obligation to perform it, notwithstanding the fact that the cost of performance would be much greater than he anticipated at the time of the making of the contract.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Frank G. Turner* and *Marshall W. Van Winkle.*

*Contra, Walter McDermott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This case was tried before Judge Speer without a jury. The action is founded upon a lease made by the plaintiff to the defendant corporation. The instrument was dated April 28th, 1917, and created a term of twelve years and a half from the 1st of the following May. A money rental was provided at the rate of $2,040 per year, from the 1st day of May, 1917, until the 1st day of June, 1918, and thereafter at an annual rental of $1,800, all to be

paid in equal monthly installments on the first day of each and every month in advance. The lease also provided that "in addition to and as a part of said rent the lessee hereby undertakes and agrees within one year from the date of this lease to erect and complete, at its own cost and expense, one or two stores on the ground or basement of the building now upon said premises, and as many garages as the space with the alterations herein contemplated, shall, with a driveway, permit in the rear of said premises; all constructions hereunder to in all respects meet the requirements of the municipal laws or regulations." The lease also required the lessee to make all necessary repairs, pay all taxes, water rents and assessments, and premiums for fire insurance in sums satisfactory to the lessor.

The case shows that the defendant had plans and specifications made for the proposed changes in the building, but that when those plans and specifications were submitted to the building superintendent of Jersey City they were disapproved. That thereafter a second set of plans and specifications was prepared; and that they were also disapproved. And further, that a permit was denied by the commissioners of Jersey City for the alteration of the building in the way exhibited by these plans and specifications. That thereupon, on November 30th, 1917, the defendant gave notice to the plaintiff that it could not make the alterations and do the work specified in the lease because of the action of the city commissioners, and then declared that the lease was at an end because it was impossible for it to make such alterations and do such work; and notified the plaintiff that it surrendered the premises to him for that reason. Suit was thereupon brought by the plaintiff for breach of the provisions of the lease, and the trial judge found in his favor, assessing his damages at $12,178.39, the various sums going to make up this amount being apportioned to the different obligations of the defendant created by the lease.

The principal ground upon which we are asked to make this rule absolute is, that the lease was terminated by the action of the defendant of November 30th, 1917, and for the

reasons specified in the notice then given by it to the plaintiff. The contract required the defendant corporation to make the changes to the building in such a way as to meet in all respects the requirements of the municipal laws or regulations. The fact that the plans and specifications submitted to the municipal authorities failed to meet their approval does not justify the conclusion that it was impossible to make the contemplated alterations in such a way as to comply with those requirements; nor do the proofs submitted at the trial compel such conclusion. The contract being express to do a thing not in itself unlawful, the defendant was under an obligation to perform it, notwithstanding the fact that the cost of performance would have been very much greater than it anticipated at the time it made the contract; and, this being so, the plaintiff was entitled to hold the defendant to it. *Middlesex Water Co.* v. *Knappmann-Whiting Co.,* 64 *N. J. L.* 240; *Transparent Rubber Works* v. *International Glass Co.,* 92 *Id.* 461.

It is further argued that the rule should be made absolute, for the reason that the award is excessive, in that it did not credit the defendant with a certain amount of money paid by it on account of rent, namely, $350. We are not referred to anything in the proofs that would justify this assertion. On the contrary, our examination of the figures upon which the award was based satisfies us that this deduction was made by the trial judge.

Further, it is contended that there should have been deducted from the rent allowed the sum of $500 paid by the Red Cross to the plaintiff as rent for their subsequent use and occupation of the premises with the latter's consent. This sum was not credited by the trial judge, although its payment was admitted by the plaintiff while on the witness-stand. Counsel for the defendant contents himself with saying that the credit should have been made, without more; plaintiff's counsel asserts that it ought not to have been allowed, but gives no reason for this assertion. We consider that this payment should have been credited on account of the rent; and,

following the example of counsel on both sides, we say no more with relation to this factor of the case.

It is further alleged that the value of certain so-called improvements made upon the premises by the Red Cross ought to be credited to the defendant in determining the amount of his obligation. Counsel for the defendant gives no reason in support of this claim, and we are unable, without his help, to see any just ground for its allowance.

If the plaintiff will consent to reduce the amount of the award by $500 he may enter judgment for the reduced amount, otherwise the rule to show cause will be made absolute.